1

2 # UNITED STATES DISTRICT COURT

3 ## EASTERN DISTRICT OF CALIFORNIA

4

5 STEPHEN GARCIA,                          1:10-cv-00946-LJO DLB (HC)

6                    Petitioner,           ORDER DISMISSING PETITION FOR WRIT
                                           OF HABEAS CORPUS AND DIRECTING
7         v.                               CLERK OF COURT TO TERMINATE
                                           ACTION

8 SANDRA M. SNYDER,                        [Doc. 1]

9                    Respondent.
                                     /
10 _____

11       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

12 pursuant to 28 U.S.C. § 2254.

13       Petitioner filed the instant petition for writ of habeas corpus on May 26, 2010.  Petitioner

14 claims that Magistrate Judge Sandra M. Snyder improperly ordered him to pay $350.00 for the

15 filing fee instead of $5.00.  The petition must be dismissed.

16                                     DISCUSSION

17       First, Petitioner's claim is not cognizable via section 2254.  Rule 4 of the Rules

18 Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ

19 of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the

20 petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254

21 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only

22 grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in

23 violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct

24 method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox,

25 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973);

26 Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a

27 civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge

28 the conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);

1    <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the

2    Rules Governing Section 2254 Cases.  It is without doubt that the claim raised in the instant

3    Petition does not in any way challenge the "legality or duration" of Petitioner's confinement and

4    is therefore not cognizable under section 2254.

5          Second, federal judges are absolutely immune from civil liability for damages and

6    declaratory, injunctive, and other equitable relief for their judicial acts.  <u>Mullis v. U.S.</u>

7    <u>Bankruptcy Court, Dist. of Nevada</u>, 828 F.2d 1385, 1394 (9th Cir. 1987), <u>cert.</u> <u>denied</u>, 486 U.S.

8    1040 (1988).  "'A judge will not be deprived of immunity because the action he took was in

9    error, was done maliciously, or was in excess of his authority; rather, he will be subject to

10   liability only when he has acted in the clear absence of all jurisdiction.'" <u>Mullis</u>, 828 F.2d at 1388

11   (quoting <u>Stumpman v. Sparkman</u>, 435 U.S. 349, 356-357 (1978)).  A clear absence of all

12   jurisdiction means a clear lack of all subject matter jurisdiction.  <u>Id</u>. at 1389.

13         In addition, judicial immunity will be lost if the judge performs an act that is not

14   "judicial" in nature.  The factors relevant in determining whether an act is judicial "relate to the

15   nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the

16   expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."

17   <u>Stump v. Sparkman</u>, 435 U.S. at 362.

18         The allegation in the Petition establish that the judges are entitled to absolute judicial

19   immunity.  Petitioner is  complaining of actions or rulings made by the Magistrate Judge Snyder

20   in relation to an *unidentified* case.  The actions or rulings made by the judge in connection with

21   Petitioner's case to which the judge was assigned were within her jurisdiction.

22         Because Petitioner cannot possibly win relief against Magistrate Judge Snyder because of

23   absolute judicial immunity, the Court hereby DISMISSES the Petition without further

24   proceedings and the Clerk of Court is directed to terminate this action  <u>See</u> <u>Wong v. Bell</u>, 642

25   F.2d 359, 361-362 (9th Cir. 1981).

26         IT IS SO ORDERED.

27   **Dated:    July 9, 2010**                        _____**/s/ Lawrence J. O'Neill**_____
                                                         UNITED STATES DISTRICT JUDGE
28